# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**June 21, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In the Matter of the Child of:**

**Ashley O.,**
**Petitioner Below, Petitioner**

**vs)   No. 16-0421** (Fayette County 13-D-282)

**Bradley A.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ashley O.,[1] pro se, appeals the order of the Circuit Court of Fayette County, entered April 11, 2016, refusing her appeal of a March 22, 2016, order of the Family Court of Fayette County. In its March 22, 2016, order, the family court denied petitioner's petition to be re-designated as the primary custodial parent of the parties' child. Respondent Bradley A., pro se, did not file a response.[2]

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]On June 3, 2016, this Court entered an amended scheduling order granting petitioner's motion for expedited review and directed respondent to file a response by June 10, 2016. Despite this Court's order, respondent did not file any response. Pursuant to Rule 10(d) of the West Virginia Rules of Appellate Procedure, if a respondent fails to respond to an assignment of error, this Court will assume that the respondent agrees with petitioner's view of the issue. However, the Court declines to rule in petitioner's favor simply because respondent failed to file a response. *See* Syl. Pt. 8, *State v. Julius*, 185 W.Va. 422, 408 S.E.2d 1 (1991).

The Court has considered petitioner's brief[3] and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, petitioner's brief, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were never married. They have one minor child ("child") together, who was born on October 12, 2011. Prior to August 27, 2015, petitioner had primary custodial responsibility for the child. On that date, the family court entered an order transferring custodial responsibility to respondent.[4] As the family court noted in its March 22, 2016, order, its August 27, 2015, order followed actions by West Virginia Child Protective Services ("CPS") "to remove the child from [petitioner's] care" after an incident of domestic violence between petitioner and her husband in June of 2015.[5]

On March 8, 2016, CPS provided the family court with a "status report" indicating that CPS closed petitioner's case for a second time "based upon the request of [petitioner] and her noncompliance." At a March 21, 2016, hearing on petitioner's petition to be re-designated as the primary custodial parent,[6] petitioner tendered to the family court a psychological assessment dated July 22, 2015.[7] The family court found that petitioner "previously refused" to disclose this psychological assessment to CPS or the court. Upon review of petitioner's psychological assessment, the family court found that it indicated that petitioner "may be 'manipulative, impulsive, and [capable of taking] high risks.'" The psychological assessment included a

---

[3]On June 10, 2016, petitioner filed a supplemental brief and a motion to have said brief filed. In the supplemental brief, petitioner alleges that she has been unable to contact respondent to arrange for her visitation during "this month." We find that such allegations relate to events occurring after the entry of the order being appealed. Therefore, we deny petitioner's motion and decline to consider her supplemental brief. We note that if petitioner believes that respondent is failing to comply with her court-ordered visitation, she may file a contempt petition in the family court.

[4]Since August 27, 2015, petitioner has had supervised visitation with the parties' child.

[5]In June of 2015, the parties' child was residing with petitioner and her husband in the State of North Carolina; consequently, both West Virginia Child Protective Services and the North Carolina Department of Health and Human Services were involved in the child's removal from petitioner's home.

[6]We have reviewed the video recording of the March 21, 2016, hearing.

[7]Both the July 22, 2015, psychological assessment and West Virginia Child Protective Service's March 8, 2016, "status report" are in the record and have been reviewed by this Court.

recommendation that petitioner engage in individual counseling, but noted that petitioner would "probably resist treatment or would terminate [it] prematurely."

The family court also considered petitioner's testimony at the March 21, 2016, hearing, and credited her with submitting the psychological assessment which it previously requested to the court. However, the family court noted that it was "concerned with the mental health status of [petitioner]" and that, contrary to the findings of the psychological assessment, "[petitioner] testified that she does not believe she needs any type of mental health treatment or therapy." Accordingly, the family court concluded that "[petitioner] has not shown, by a preponderance of the evidence, that there has been a substantial change of circumstances" or that petitioner's re-designation as the primary custodial parent "would be in the best interests of the minor child." Therefore, the family court denied petitioner's petition to be so designated.

Petitioner appealed the family court's March 22, 2016, order to the circuit court. By order entered April 11, 2016, the circuit court found that a hearing regarding petitioner's appeal was unnecessary and refused the appeal. The circuit court noted that there was "no evidence" of an abuse of discretion in the family court's decision to deny petitioner's petition to be re-designated as the primary custodial parent.

Petitioner now appeals to this Court. We review the matter under the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

Pursuant to West Virginia Code § 48-9-401(a), "a court shall modify a parenting plan order if it finds . . . that a substantial change has occurred in the circumstances of the child or of one or both parents and a modification is necessary to serve the best interests of the child." We have held that "[a]lthough parents have substantial rights that must be protected, the primary goal . . . in all family law matters . . . must be the health and welfare of the children." Syl. Pt. 3, *In Re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996); *see also Michael K.T. v. Tina L. T.*, 182 W.Va. 399, 405, 387 S.E.2d 866, 872 (1989) ("[T]he best interests of the child is the polar star by which decisions must be made which affect children.").

On appeal, petitioner contends that she has "learned [her] lesson" from the domestic violence incident between she and her husband that resulted in CPS removing petitioner's child from their home.[8] Petitioner indicates that she has been punished enough and that, on the basis of her psychological assessment, a "reunification" between herself and her child is warranted.

---

[8] We note that the record reflects—and petitioner does not dispute—that she was (continued . . .)

The family court did not deny petitioner's petition to be re-designated as the primary custodial parent on the basis of the domestic violence incident. Rather, the family court based its decision on its continued concern for petitioner's mental health—a concern reflected by petitioner's psychological assessment which noted that she could be "manipulative, impulsive, and [capable of taking] high risks." Contrary to petitioner's testimony that she did not need treatment or therapy, the psychological assessment included a recommendation that petitioner engage in individual counseling. "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). Accordingly, we conclude that the family court did not abuse its discretion in denying petitioner's petition where petitioner failed to show a substantial change of circumstances or that her re-designation as the primary custodial parent would be in the child's best interests.

For the foregoing reasons, we affirm the circuit court's April 11, 2016, order refusing petitioner's appeal of the family court's March 22, 2016, order denying petitioner's petition to be re-designated as the primary custodial parent of the parties' child. The Clerk of this Court is directed to issue the mandate in this matter forthwith.

Affirmed.

**ISSUED**: June 21, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

responsible for the domestic violence incident.

4